| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | JUSTIN L. LEE<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| 5 | Attorneys for Plaintiff |
| 6 | United States of America |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY KEITH OSTERHOUT,<br><br>Defendant. | CASE NO. 2:19-CR-00180-GEB<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: December 13, 2019<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on December 13, 2019.

2. By this stipulation, the defendant now moves to continue the status conference until January 31, 2020, and to exclude time between December 13, 2019, and January 31, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes over a hundred pages of investigative reports. This discovery has

been produced directly to the defendant's counsel.  Additionally, the United States is producing several hours of audio and video recordings that defense counsel needs time to review.

       b)      Defense counsel desires additional time to review the discovery, conduct research into the case, to discuss the case with his client, and otherwise prepare for trial in this matter.

       c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny his the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       d)      The government does not object to the continuance.

       e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

       f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 13, 2019, to January 31, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: December 11, 2019

McGREGOR W. SCOTT
United States Attorney

/s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney

Dated: December 11, 2019

/s/ JONATHAN GONZALES
JONATHAN GONZALES
Counsel for Defendant
GARY KEITH OSTERHOUT

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED.

Dated: December 12, 2019

GARLAND E. BURRELL, JR.
Senior United States District Judge