McGREGOR W. SCOTT
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00180-GEB |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| GARY KEITH OSTERHOUT, | DATE: January 30, 2020
TIME: 9:00 a.m.
COURT: Hon. Garland E. Burrell, Jr. |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on January 30, 2020. On January 9, 2020, the Court sua sponte moved the status conference to May 7, 2020.

2. By this stipulation, the defendant now moves to continue the status conference until May 7, 2020, and to exclude time between January 30, 2020, and May 7, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1 this case includes over a hundred pages of investigative reports. This discovery has
2 been produced directly to the defendant's counsel. Additionally, the United States
3 is producing several hours of audio and video recordings that defense counsel needs
4 time to review.

5    b)  Defense counsel desires additional time to review the discovery,
6 conduct research into the case, to discuss the case with his client, and otherwise
7 prepare for trial in this matter.

   c)  Counsel for defendant believes that failure to grant the above-requested continuance would deny his the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d)  The government does not object to the continuance.

   e)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 30, 2020, to May 7, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 16, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney

Dated: January 16, 2020

/s/ JONATHAN GONZALES
JONATHAN GONZALES
Counsel for Defendant
GARY KEITH OSTERHOUT

**ORDER**

IT IS SO ORDERED.

DATED: January 21, 2020

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE