**Robert W. Storey**
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# Sacramento Venue

**UNITED STATES OF AMERICA )**
)      Docket Numbers: 2:19-CR-00180
)
**vs.**                          )      Sentence Date: July 15, 2021
)
**Gary Osterhout**               )

## *ALTERNATIVE PRESENTENCE REPORT*

**Prepared for:**
**Honorable Morrison C. England, Jr.**
Senior United States District Judge

| | |
|---|---|
| **Assistant United States Attorney** | **Defense Counsel** |
| Justin Lee | Jonathon Gonzales (Retained) |
| 501 I Street, Suite 10-100 | 1510 J Street, Suite 125 |
| Sacramento, California 95814 | Sacramento, California 95814 |
| (916) 554-2700 | (916) 318-5177 |

**Offense:** *Count One*: 18 U.S.C. 922 (a)(1)(A) – Unlawful Dealing in Firearms

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

# Robert W. Storey
**Sentencing Mitigation Consultant**
 CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

**Penalty:** 5 years; $250,000 fine; 3 years TSR; $100 S.A.

**Date of Offense:** March 1, 2015 - February 12, 2019

**Date of Arrest:** Defendant was not arrested.

**Release Status:** On bond w/ PTS supervision

**Co-Defendants:** None

# Robert W. Storey
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email: rstorey@sbcglobal.net  | Phone: (916) 397-6721

## IDENTIFYING DATA

**Date of Birth**: November 4, 1954
**Age:** 66
**Place of Birth:** Merced, California
**Citizenship:** United States
**Race: Caucasian**
**Sex:** Male
**Height:** 6 ' 1"
**Weight:** 320
**Eyes:** Brown
**Hair: Gray**
**Distinguishing Marks:** Appendix and right leg surgical scars
**Social Security #:** 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
**FBI #:** Unknown
**U.S. Marshal #:** Unknown


**Legal Address:** 1995 Lenticular Drive
                  Sparks, Nevada

**Robert W. Storey**
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

## PART A.    THE OFFENSE
### Charges and Convictions

On January 14, 2021, the defendant plead guilty to Count One of a Six Count Indictment charging violation of Title 18 U.S.C. 922 (a)(1)(A) - Unlawful Dealing in Firearms. To be dismissed at time of sentencing are Counts 2 – 6, alleging violation of Title 18 U. S. C. 922(a)(5) - Unlawful Sale of a Firearm to an Out-Of-State Resident.

### Pretrial Supervision

On October 24, 2019, the defendant appeared in Magistrate Court and was released on a $50,000 unsecured bond with Pretrial supervision. There have been no supervision issues during his tenure with Pretrial services.

### Offense Conduct

The defendant was an unlicensed firearms dealer who attended gun shows throughout the western United States mountain region. He would purchase firearms from legitimate sources then resell them for an additional $100 to make a profit. At no time was the defendant a licensed firearms dealer.

Federal Alcohol, Tobacco and Explosive Agents ("agents") became aware of the defendant's activities when approximately fourteen of the defendant's firearms were recovered by law enforcement as part of unrelated criminal investigations.

# Robert W. Storey
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email: rstorey@sbcglobal.net  | Phone: (916) 397-6721

Therefore between May 19, 2018 and February 12, 2019 agents conducted undercover purchases from the defendant. During the course of their investigation the defendant told agents he had friends who held federal firearms licenses but he did not want to deal with ATF or let ATF know what he was doing. The defendant told them he dealt only in cash so he could avoid any paper trail.

During their undercover contacts with the defendant, agents purchased 40 guns from the defendant. In none of these purchases did the defendant require firearms transfer documents nor were there any background checks conducted. It was subsequently determined that between March 1, 2015 and February 12, 2019, the defendant had purchased at least 290 firearms.

Therefore on February 12, 2019, agents executed a federal search warrant at the defendant's residence in Sparks, Nevada. A total of 510 firearms were seized from the residence.

## Victim Impact

There are no specific victims in this matter. The general public was placed in harm by illegal firearms released into the communities.

**Robert W. Storey**
**Sentencing Mitigation Consultant**
 CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

## **Defendants Statement**

The defendant feels very remorseful for what he did. He now realizes his actions could have placed lives in danger. Gary is ashamed of putting his wife through this ordeal.

He further relates he grew up on a ranch and around guns. His father gave him his first shotgun when he was about 13 years old. Over the years he continued to purchase guns for his sons to shoot and also with his friends. It was not until after he retired that he started attending gun shows. He said he was bored and the gun shows offered him something to do. He eventually started buying guns because he enjoyed owning and shooting them. All of his guns were locked in gun safes and some, he indicates, were too nice to shoot. While attending the gun shows he subsequently met a fellow who had a gun table and Gary starting regularly joining him. When the friend passed away, Gary took over the friend's table.

Gary further reports owning the guns was a hobby, not a business. He usually made only enough to pay for his expenses. He had plans to stop before being arrested because he was realizing it was not profitable. A few of his guns were from his father and many he purchased from military sales. He indicates having a friend who was doing the same thing he was and, according to Gary, ATF told his friend to stop. Gary thought he would receive the same notification before he encountered any problems.

# Robert W. Storey
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

## Offense Level Computations

2K2.1 – <u>Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition: Prohibited Transactions Involving Firearms or Ammunition</u>

**Base Offense Level**: The guideline for violation of Title 18 U.S.C. 922(a)(1)(A) is found at USSG 2K2.1(a)(7). This applies if the offense did not involved a semiautomatic firearm that is capable of accepting a large capacity magazine and/or the offense was not committed with knowledge, with intent, or reason to believe that the offense would result in transfer of a firearm or ammunition to a prohibited person. It appears both of these factors are not applicable to this defendant and therefore the base offense level is 12.                                                                                     <u>12</u>

**Special Offense Characteristics**:

If 200 or more weapons were involved in the offense, USSG 2K2.1(b)(1)(E) requires 10 levels be added                                                                                                                                           +10

Additionally, if the defendant was trafficking in firearms USSG 2K2.1(b)(4)(A) States an additional 4 levels are required             <u>+4</u>

**Adjusted Offense Level (Subtotal): 26**

**Robert W. Storey**
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

**Chapter Three Adjustments**:

**Adjustment for Acceptance of Responsibility:** Pursuant to USSG 3E 1.1 (a) if the defendant clearly demonstrates acceptance of responsibility for his involvement in the offense, a 2 level reduction in offense level may be granted.                                                                                                                  -2

Additionally, the offense level may be reduced another level per USSG 3E 1.1 (b) if the defendant timely notifies the government and Court of his desire to plead guilty. The defendant appears to have done so in this case. Therefore an additional 1-level reduction appears to be appropriate.        -1

**Total Offense Level: 23**

**PART B.   DEFENDANT'S CRIMINAL HISTORY**

**Juvenile Adjudications**

None

**Adult Criminal Convictions**

None

# Robert W. Storey
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

## Criminal History Computations

The criminal history convictions above result in a criminal history score of 0.

The total of the criminal history points is 0. According to the sentencing table at USSG Chapter 5, Part A, 0 criminal history points establish a criminal history category of I.

## PART C.    OFFENDER CHARACTERISTICS

### Personal and Family Data

**Current Situation:** Gary Osterhout resides in Sparks, Nevada, with his wife Agnes Davis Osterhout. They married in 1976 and have two adult sons, Jeffrey and Craig. Agnes retired the same year as Gary, 2016, from working first with Liberty Mutual Insurance Company and then AT&T. They moved to their present location in 2015 because they liked the area as a place to retire. Prior to that they resided in Tracy, California for 30 years.

**Family History:**  The defendant is the youngest child born to the union of Theron O. Osterhout and Edith Bower. Both are now deceased by natural causes. His oldest brother Bruce, age 83, is a retired appraiser for Wells Fargo Bank. His next brother Doyle died at age 65 due to alcoholism and his sister died of ovarian cancer at age 66. His other sister Joyce is 71 years old and continues to work making rugs.

# Robert W. Storey
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

The defendant describes his childhood as normal. He was raised primarily at a ranch where hard work and few luxuries were present. When not working he learned to enjoy the outdoors, hunting and fishing.

When Gary's situation was discussed with his wife Agnes, she replied how upset and dissappointed she was with him. But she quickly reminded this writer that Gary was not a criminal but a good husband and father. While their son's were growing up Gary spent a lot of his after work time coaching Little League and as a Scoutmaster with the Boy Scouts of America. He was always involved in their son's lives, even through today. She hopes the Judge will take these factors into account.

The Court has been provided several letters from Gary's family and friends. They each know of his situation and continue to respect and support him. In their letters, some list events, moments, feelings and actions that have made him a special person in their life.

## Physical Condition

The defendant currently has health problems that he is addressing. Because of his weight he is under doctor's care to reduce it. The weight issue has caused him to have elevated blood pressure for which he is presently on medication. Additionally he is receiving numerious tests to determine the treatment for  growths that have appeared on his lung and thyroid. He recently had surgery to remove a part of his thyroid.

**Robert W. Storey**

**Sentencing Mitigation Consultant**
 CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email: rstorey@sbcglobal.net  | Phone: (916) 397-6721

## Mental and Emotional Health

The defendant has no mental or emotional problems or has ever received treatment for such.

## Substance Abuse

Gary has no history of using illegal substances or abusing alcohol. He describes his alcohol consumption as an ocassional beer.

## Education and Vocational Skills

He attended and graduated (1972) from Livingston High School in Livingston, California. For the next two years he attended Merced Community College, Merced, California receiving his Associate of Arts Degree in 1974.

## Employment Record

Soon after graduating from high school and will attending college, Gary starting working for Roundtable Resturants. He would eventually become their maintance person and worked for twelve years in that capacity. Eventually he found a job with Univisource Paper Products in Pleasanton, California as the inventory manager in their shipping/receiving department. He continued working there for eight years and then was layed off. He soon returned to maintance work with several commercial buildings in the Tracy area until his retirement in 2016.

Email: rstorey@sbcglobal.net  | Phone: (916) 397-6721

**Robert W. Storey**
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

### Financial Condition

Gary indicates his monthly income, comprising of his and Agnes' retirement and Social Security, totals $ 5,285.28

### Defendant's Ability to Pay a Fine

The defendant has agreed to pay a fine of $10,000 before sentencing.

### PART D.   SENTENCING CONSIDERATIONS

### Custody

**Statutory Provisions**:  The maximum term of imprisonment is 5 years.

**Guideline Provisions:** Based on an offense level of 23 and a criminal history category of I the guideline range for imprisonment is 46-57 months.

### Provisions for a Term of Probation or Supervised Release

Under the guidelines probation is not authorized, except by way of a downward departure or variances under 18 USC 3553, because the minimum guideline range is in Zone D. Nevertheless, by statute the defendant is eligible for probation and unless extraordinary circumstances exist, the Court is to impose as a condition of probation a fine, restitution or community service.

# Robert W. Storey

**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email: rstorey@sbcglobal.net | Phone: (916) 397-6721

A maximum term of supervised release is 3 years is authorized by the guidelines and statue.

## PART E.   FACTORS THAT MAY WARRANT DEPARTURE

*"The Commission intends the sentencing courts to treat each guideline as carving out a "heartland," a set of typical cases embodying the conduct that each guideline describes.  When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted."* (See **USSG 1A.4 (b) – Departures**)

The case at bar does not appear to be a "heartland" case. This is not a "typical" firearms case based on his conduct and background.

## PART F.   OTHER FACTORS TO BE CONSIDER

The Guidelines are effectively advisory, requiring a sentencing court to consider Guidelines ranges but permitting it to tailor the sentence in light of other statutory concerns, specifically the seven categories in Title 18 U.S.C. 3553(a):

1- The nature and circumstances of the offense and the history and characteristics of the offender,
2- The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with

Email: rstorey@sbcglobal.net | Phone: (916) 397-6721

# Robert W. Storey

**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

    needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,
3- The kind of sentences available,
4- The kinds of sentence and sentencing range established by the Sentencing Commission in the Sentencing Guidelines,
5- The pertinent policy statements issued by the Sentencing Commission,
6- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct and
7- The need to provide restitution to any victims of the offense.

The sentencing range called for by the Guidelines is but one factor among many relevant to the sentencing decision. (*See 18 U.S. C. 3553 (a) (4)).* Importantly Section 3553(a) creates no order of priority among listed factors; its plain language and structure indicate that each is to be treated equally and that each must be considered.

The Sentencing Commission has stated, "Effective alternative sanctions are important options for federal, state, and local criminal justice systems. For the appropriate offenders, alternatives to incarceration can provide a substitute for costly incarceration. Ideally, alternatives also provide those offenders opportunities by diverting them from prison (or reducing time spent in prison) and into programs providing the life skills and treatment necessary to become law-abiding and productive members of society." (*See USSC, Alternative Sentencing in the Federal Criminal Justice System, at 2-3.(Jan.2009),http://www.ussc.gov/general/20090206_Alternatives.pdf*.)

**Robert W. Storey**
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

There are several factors which this Court should consider in sentencing the defendant. One factor is this defendant has a criminal history of I. Many others with a similar criminal history include those who have at least one criminal conviction. Gary has never been arrested, much less had a conviction.  For this defendant to be categorized with those who have criminal records would seem to call for lesser punishment.

Additionally this defendant is a first time offender but there are no programs available in the federal criminal justice system that benefit persons like Gary who have no prior record. Congress has only seen fit to pass legislation that allows program for drug offenders, those who qualify under the recent First Step Act and other previously passed Congressional Acts.

Gary's risk of recidivism is very low. Long prison sentences increase the risk of recidivism in low-risk offenders by disrupting their social relationships and keeping them out of the workforce. (See Christopher T. Lowenkamp and Edward J. Latessa, *Understanding the Risk Principle: How and Why Correctional Interventions Can Harm Low-Risk Offenders, Topics in Community Corrections* - 2004, at 7-8 (2004)). An unduly lengthy prison sentence would thus be counter-productive. Gary should be considered as one of the least likely offenders to recidivate.

Additionally this defendant has no substance abuse history, is emotionally stable and has the support of his wife, family and friends. He  has never been in trouble with the law before. He has no association with extremist groups, gangs or subversive organizations.

# Robert W. Storey

**Sentencing Mitigation Consultant**
CA PI License # 23766
**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

In a recent report, prepared by the Office of the Inspector General (OIG), U.S. Department of Justice, "*The Impact of an Aging Inmate Population on the Federal Bureau of Prisons*", May 2015, it states the OIG found that aging inmates are more costly to incarcerate than their younger counterparts due to increased medical needs.  It further found that limited institution staff and inadequate staff training affect the BOP's ability to address the needs of aging inmates. The physical infrastructure of BOP institutions also limits the availability of appropriate housing for aging inmates. Further, the BOP does not provide programming opportunities designed specifically to meet the needs of aging inmates. Also they determined that aging inmates engage in fewer misconduct incidents while incarcerated and have a lower rate of re-arrest once released; however, BOP policies limit the number of aging inmates who can be considered for early release and, as a result, few are actually released early.

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

**Robert W. Storey**
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

# JUSTIFICATION AND RECOMMENDATION

**TOTAL OFFENSE LEVEL:  23**

**CRIMINAL HISTORY CATEGORY:  I**

|  | **Statutory Maximum** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| CUSTODY: | 5 years | 46 to 57 months | Downward variance |
| PROBATION: | 3 years | 1 to 3 years | 60 months probation; w/12 months home confinement (EM); |
| SUPERVISED RELEASE: | 3 years | 1-3 years | 0 years |
| FINE: | $250,000 | $10,000 - $95,000 | $10,000 |
| RESTITUTION: | N/A | N/A | N/A |
| SPECIAL ASSESSMENT: | $100 | $100 | $100 |

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

# Robert W. Storey

**Sentencing Mitigation Consultant**
 CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

## **Justification**

Before the Court for sentencing is a 66 year man who previously had never been in trouble with the law and is well respected by his family and friends. He comes from a hard working background and has had a steller employment history. Except for this lapse of judgement Gary has lived a law abiding lifestyle. He has been a sound member of his community with his involvement in Little League and Boy Scouts of America. He can recover from this unfortunate eposide in his life with the support of his wife, family and friends. He finds himself before the Court for sentencing this late in life because of his desire to use his ample free time as a retiree in his hobby as a gun collector and to possibly make money. Essentially he is a senior citizen who was bored. There is no evidence to support that he went outside of his charged behavior.

The case appears to be out of the "heartland" for reason previously stated in this report. The guns he sold made him very little profit and often only paid for his expenses. He is amenable to alternative sentencing which would include electronic surveilance, home confinement and community service. He is not a threat or danger to the community.

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

**Robert W. Storey**
**Sentencing Mitigation Consultant**
CA PI License # 23766

**Mailing Address**
P.O. Box 2655
Sacramento, CA 95812

Email:  rstorey@sbcglobal.net   | Phone: (916) 397-6721

The 18 U.S.C. 3553(a) factors support a sentence of five years' probation with Electronic Monitoring (EM) for 12 months. Probation's standard and special conditions appear appropriate with the EM added condition. This would of course restrict him, providing sufficient punishment for an older man who is in poor health. It is a sentence that properly balances all compelling sentencing considerations.

For all the above reasons it is recommended the Court sentence Gary Osterhout as follows:

**Recommendation**:
It is respectfully recommended that the following sentence be imposed:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Gary Oesterhout, is placed on supervised probation for a term of 5 years. The defendant is to pay a special assessment of $100, to be payed immediately. A $10,000 fine is also to be paid immediately.

While on probation supervision the defendant is to comply with the standard and special conditions of probation as ordered.

Respectfully submitted:

Robert W. Storey
Sentencing Consultant
May 20, 2021